FILED
JAMES BONINI
CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

09 SEP -4  PM 2:21

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | | |
|---|---|---|
| OHIO OIL GATHERING CORPORATION III,<br>a Delaware Corporation, | ) ) ) | Case No. **2 : 0 9 cv  7 8 2** |
| Plaintiff, | ) ) | Judge:  **JUDGE FROST** |
| v. | ) ) ) | **MAGISTRATE JUDGE ABEL**<br>**COMPLAINT** |
| WELDING, INC.,<br>a West Virginia Corporation, | ) ) ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) ) | |

NOW COMES Plaintiff OHIO OIL GATHERING CORPORATION III (hereinafter, "Ohio Oil Gathering"), by counsel, and for its Complaint against Defendant WELDING, INC. (hereinafter, "Welding"), states as follows:

### PARTIES

1.      Plaintiff Ohio Oil Gathering is a Delaware corporation, which at all times relevant herein was qualified and authorized to transact business in the State of Ohio.  Plaintiff's principal place of business is located at 9320 Black Run Road, Nashport, Ohio 43830 and Plaintiff operates an oil distribution facility at 34670 State Rt. 7, Newport, Ohio (hereinafter the "Bells Run" facility).

2.      Defendant Welding is a nonresident corporation incorporated in the State of West Virginia, whose principal place of business is located at 1712 Pennsylvania Avenue, Charleston, West Virginia 25302.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the Defendant pursuant to diversity of citizenship, under 28 U.S.C. § 1332. This Court is a proper venue because the claims set forth in this Complaint all arose in this District pursuant to 28 U.S.C. § 1391 and S.D. Ohio Civ. R. 82.1(e).

## FACTUAL HISTORY

4.     At all times relevant, Plaintiff owned all the tanks at its Bells Run, Ohio facility which received crude oil directly from various oil wells throughout eastern Ohio. Brine water was separated from crude oil and drained into Plaintiff's Tank 118 (hereinafter, the "brine tank"). Once the brine water was drained, the oil was either piped to customers or placed on barges for sale and subsequent transportation to oil refineries.

5.     Upon information and belief and at all time relevant hereto, the brine tank contained methane gas, as oil emits methane vapors, and the rate of emission increases as the ambient temperature rises.

6.     On April 23, 2009, a crew employed by Defendant was installing new galvanized sheeting on the roof of the brine tank when an explosion and fire occurred at the roof level of the brine tank.

7.     The Defendant is an experienced welding contractor that has performed welding and related work on tanks of this type on previous occasions. In fact, the Defendant had done work on the tank in question in December of 2008 when the tank was out of service, and the work that it was going to perform on April 23, 2009 was work that was part of the work that it was supposed to have done when the tank was out of service in December of 2008, but which it failed to do for reasons unknown to the Plaintiff.

2

8.      On information and belief, on April 23, 2009, prior to starting its work, the Defendant's crew knew that the tank had been placed back in service and knew or reasonably should have known of the presence of methane vapors at roof level.

9.      Upon information and belief, while working on the roof of the brine tank, the Welding crew used an electrical saw to cut a small piece of galvanized sheeting so that it would fit correctly around a dip tube.

10.     Upon information and belief, when Defendant's crew was using the electrical saw on the roof of the brine tank, the sparks from the saw ignited the flammable methane gases emanating from the brine tank, resulting in the explosion and fire that ultimately destroyed the tank.

11.     As a result of the explosion and fire caused by Welding's negligence, Ohio Oil Gathering has suffered damages presently quantified to be in excess of $1,400,000.00 including, without limitation, property damage and incidental expenses.

## COUNT I - NEGLIGENCE

12.     Ohio Oil Gathering realleges each of the foregoing paragraphs, and incorporate them by reference as if set forth fully herein.

13.     At all material times, Defendant Welding owed a duty to Ohio Oil Gathering to exercise reasonable care and caution in the performance of its work, to perform its work in accordance with proper industry standards, and to comply with the custom and practice applicable to welders.

14.     Notwithstanding the aforesaid duty and in breach thereof, Defendant Welding committed one or more of the following negligent acts and/or omissions:

    a.      Carelessly, negligently and improperly operated an electrical saw on the roof of the brine tank near flammable vapors;

3

b.      Negligently failed to use appropriate quality control and quality assurance procedures for its work;

c.      Negligently failed to comply with the custom and practice applicable to welders; and

d.      Was otherwise careless and negligent.

15.     As a direct, proximate and foreseeable result of one or more of the aforesaid negligent acts and/or omissions of Defendant Welding, Ohio Oil Gathering sustained catastrophic fire damage to its property, resulting in Ohio Oil Gathering suffering damages in an amount in excess of $1,400,000.00.

WHEREFORE, Plaintiff Ohio Oil Gathering Corporation III respectfully requests that this Court enter a judgment in its favor and against Defendant Welding, Inc., in whatever amount in excess of $1,400,000.00, to which the Court finds that the Plaintiff is justly entitled plus costs, interest, and for such other and further relief as this Court deems equitable and just.

## COUNT II – BREACH OF CONTRACT AND BREACH OF IMPLIED WARRANTY

16.     Ohio Oil Gathering realleges each of the foregoing paragraphs, and incorporate them by reference as if set forth fully herein.

17.     In connection with its repairs of the brine tank, Defendant Welding contracted and impliedly warranted to Ohio Oil Gathering that the galvanized sheeting would be installed in a safe, workmanlike manner.

18.     Defendant Welding breached its contract and implied warranty, as the installation work was not performed in a safe, workmanlike manner.

4

19.     As a direct and proximate result of Defendant Welding's breach of its contract and implied warranty, Ohio Oil Gathering sustained catastrophic fire damage to its property, resulting in Ohio Oil Gathering suffering damages in an amount in excess of $1,400,000.00.

WHEREFORE, Plaintiff Ohio Oil Gathering Corporation III respectfully requests that this Court enter a judgment in its favor and against Defendant Welding, Inc., in whatever amount in excess of $1,400,000.00, to which the Court finds that the Plaintiff is justly entitled, plus costs, interest, and for such other and further relief as this Court deems equitable and just.

Respectfully submitted,

**LUPER NEIDENTHAL & LOGAN**
**A Legal Professional Association**

Matthew T. Anderson (Ohio Bar 0082730)
50 West Broad Street, Suite 1200
Columbus, Ohio 43215
Telephone:     (614) 221-7663
Fax:     (866) 345-4948
E-mail:  manderson@lnlattorneys.com

Of Counsel
George M. Ferreti (will seek *pro hac vice* admission)
Maura Yusof (will seek *pro hac vice* admission)
**Foran Glennon Palandech & Ponzi PC**
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
(312) 863-5000
(312) 863-5099
E-mail:  gferreti@fgpp.com